UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DANIEL G. ABPLANALP and
KELLY A. ABPLANALP,

                        Plaintiffs,

v.                                             Civil Action No. _____

NCO FINANCIAL SYSTEMS, INC.,

                        Defendant.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Daniel G. Abplanalp is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Plaintiff Kelly A. Abplanalp, wife of Daniel G. Abplanalp, is a natural person residing in the County of Erie and State of New York.

6. Defendant NCO Financial Systems, Inc., (hereinafter "NCO") is a foreign business corporation organized and existing under the laws of the State of Pennsylvania and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

7. Defendant regularly attempts to collect debts alleged to be due another.

8. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

9. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

10. That Plaintiff Daniel G. Abplanalp incurred a credit card debt to GE Money Bank. This debt will be referred to as "the subject debt."

11. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

12. That Plaintiff Daniel G. Abplanalp defaulted on the subject debt.

13. That upon information and belief, after Plaintiff's default, Defendant NCO was employed by GE Money Bank to collect the subject debt.

14. That in or about October of 2007, Defendant began calling Plaintiff Daniel G. Abplanalp and Plaintiff Kelly A. Abplanalp on their home telephone multiple times per week, and in some cases, multiple times per day in an attempt to collect on the subject debt.

15. That over the next several months, Defendant NCO would consistently cause the Plaintiff's home telephone to ring, only to hang up once said call was answered by one of the Plaintiffs.

16. That Defendant NCO also left multiple messages on the Plaintiffs' home answering machine during that time. Said messages stated that it was "NCO" calling in an attempt to collect on the subject debt.

17. That several of the aforesaid messages were overheard by the Plaintiffs' son, Adam Abplanalp. Prior to these messages Adam Abplanalp was not aware of the subject debt.

18. That Defendant continued to call Plaintiffs at the frequency described in paragraph 14 herein through April of 2008.

19. That in one of the earliest telephone calls made by Defendant to Plaintiffs, Plaintiffs requested that Defendant to stop calling them. Said request was made repeatedly by Plaintiffs thereafter. In each instance, Defendant informed Plaintiffs that they would not honor their request to stop calling them.

20. That as a result of Defendant's acts each of the Plaintiffs became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

21. Plaintiffs repeat, re-allege and incorporate by reference the allegations contained in paragraphs 1 through 20 above.

22. The conduct of Defendant as described in this Complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

   A. Defendant violated 15 U.S.C. §1692b(1), 15 U.S.C. §1692b(2), 15 U.S.C. §1692b(3) and 15 U.S.C. §1692c(b) by leaving several messages on the Plaintiff's answering machine in which they disclosed that they were attempting to collect the subject debt, as several such messages were overheard by Adam Abplanalp.

   B. Defendant violated 15 U.S.C. §1692c(a)(1), 15 U.S.C. §1692d and 15 U.S.C. §1692d(5) by repeatedly and continuously causing the Plaintiffs' telephone to ring, by repeatedly calling Plaintiffs after their request that Defendant stop calling them and by making multiple telephone calls to Plaintiffs only to hang up once Plaintiffs answered the telephone.

23. That as a result of Defendant's acts each of the Plaintiffs became nervous, upset, anxious, and suffered from emotional distress.

**WHEREFORE**, Plaintiffs respectfully request that judgment be entered against the Defendant for:

(a) Actual damages;

(b) Statutory damages for each Plaintiff pursuant to 15 U.S.C. § 1692k.

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiffs demand trial by jury in this action.

Dated: September 30, 2008

s/Kenneth R. Hiller_____
Kenneth R. Hiller, Esq.
Amanda R. Jordan, Esq.
Law Offices of Kenneth Hiller
*Attorneys for the Plaintiffs*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com
ajordan@kennethhiller.com

### VERIFICATION OF COMPLAINT ANDCERTIFICATION BY PLAINTIFFS

Plaintiff Daniel G. Abplanalp and Plaintiff Kelly A. Abplanalp affirm that the following statements are true and correct under penalties of perjury:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorney and believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

Dated: September 30, 2008

                                                              s/Daniel G. Abplanalp\_\_\_
                                                              Daniel G. Abplanalp

                                                              s/Kelly A. Abplanalp\_\_\_\_
                                                              Kelly A. Abplanalp